UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

XAVIER REYNARD BOONE                                              PLAINTIFF

v.                                            CIVIL ACTION NO. 4:18-CV-P156-JHM

JACK JONES et al.                                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Xavier Reynard Boone filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

## I. STATEMENT OF FACTS

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). He names as Defendants DCDC Captain Jack Jones and Carewell Staff, which he identifies as DCDC's food service provider. Plaintiff alleges that the "first day [he] started on the kosher tray [he] found glass in [his] breakfast tray, and at dinner everyone's cakes was half done." He states that he has been trying to "get off the kosher trays but they think [he is] playin." He further alleges:

> I've asked time after time to be takin off the kosher but they keep sendin them over to me. I haven't eaten a tray over five weeks now. . . . I'm starting to get sick from not eatin[.] My stomach could have been cut all up because of that glass if I didn't find it in the time I did.

Plaintiff also alleges that "they are still sending things on my tray that I'm allergy like onions tomatoes and things with dairy in it also fish." He alleges that on September 15, 2018, Defendant Carewell sent onions on his tray. He alleges that "they know what I can't have and they keep tryin to kill me with it in my food." He further alleges that when he told the

corrections officer that he could not eat the food tray, the corrections officer refused to give him other food and he did not eat anything that day.

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is well established that prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 (1994) (internal quotations omitted).

First, the Court notes that although Plaintiff alleges that "I haven't eaten a tray over five weeks now. . . I'm starting to get sick from not eatin," the Court finds that it is not plausible to interpret this statement as saying that Plaintiff has not eaten any food in five weeks. *See Gibson v. Zavaras*, No. 09-CV-02328WYDKLM, 2010 WL 2543584, at *3 (D. Colo. Jan. 22, 2010), *report and recommendation adopted*, No. 09-CV-02328WYDKLM, 2010 WL 2543583 (D. Colo. June 22, 2010) (finding not credible that the plaintiff had not eaten any food in over three months because of the medical effects starvation for that period of time would have had on his ability to litigate). Moreover, Plaintiff undercuts the statement that he has not eaten in over five weeks when he states that on a particular day during this period he did not eat anything after he was served with a tray with onions on it.

Plaintiff alleges that he found glass in his food on one occasion. However, "[a] single incident of . . . finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected." *Green v. Atkinson*, 623 F.3d 278, 280-81 (5th Cir. 2010); *see also Smith v. Younger*, No. 98-5482, 1999 WL 623355 (6th Cir. Aug. 9, 1999) (holding that the presence of a worm in the plaintiff's food failed to state a conditions of confinement claim); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The fact that the food occasionally contains foreign objects . . ., while unpleasant, does not amount to a constitutional deprivation.").

As to Plaintiff's claim that he was served meals containing foods to which he is allergic, he fails to indicate any harm as a result. *See Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) (holding that where the plaintiff did not indicate that the diet he was provided and the food that he had eaten caused any reaction or serious medical issues, he "failed to state a constitutional claim regarding the defendants' failure to supply him with food in

3

accordance with a special diet"). Without an allegation of harm, Plaintiff fails to state a constitutional claim. *Adams v. Hardin Cty. Det. Ctr.*, No. 3:16-CV-P29-CRS, 2016 WL 2858911, at *7 (W.D. Ky. May 16, 2016) ("Because Plaintiff Adams alleges no injury, the Court finds that he has not stated a claim under the Eighth Amendment.").

### III. CONCLUSION

For the foregoing reasons, by separate Order, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Date: January 28, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4414.009